# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

WILLIAM L. JENNINGS-EL,
       Plaintiff                    Case No. 1:07-cv-287

       vs

SOCIAL SECURITY ADMINISTRATION,
       Defendant             **ORDER**
                             (Spiegel, J.)

      Plaintiff, a resident of Cincinnati, Ohio, brings this action against the Social Security Administration.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490

Dockets.Justia.com

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff

claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An

action has no arguable factual basis when the allegations are delusional or rise to the level of the

irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898

F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon

which relief may be granted or which seek monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii).  A complaint fails to state a claim for relief

"if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim

that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's pro se complaint alleges that on March 30, 2007, he went to the Social

Security office in Cincinnati, Ohio "to initiate a print out of my social security number for

purposes of state I.D."  Plaintiff requested that the name on his Social Security card be reflected

as "William L. Jennings-El."  The receptionist replied that plaintiff would have to obtain a name

change before the "-El" could be reflected on his Social Security card.  Plaintiff alleges that the

"-El" reflects his Moorish nationality and that "Prophet Noble Drew Ali instructed all Moorish

Americans not to change any existing records because we've all ways (sic) been Moors since

birth." (Complaint at 5).  Plaintiff alleges that to require him to legally change his name is a

denial of his nationality and "the constitution didn't say one has to pay for his nationality." *Id.*

As relief, plaintiff seeks "[t]o simply have my nationality placed on my Social Security card so

that it can appear on my I.D. License, etc." (Complaint at 6).

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. The Social Security Act provides: "The Commissioner of Social Security shall require of applicants for social security account numbers such evidence as may be necessary to establish the age, citizenship, or alien status, and true identity of such applicants, and to determine which (if any) social security account number has previously been assigned to such individual." 42 U.S.C. § 405(c)(2)(B)(ii). The Social Security regulations further provide:

> An applicant for an original social security number card must submit documentary evidence that the Commissioner of Social Security regards as convincing evidence of age, U.S. citizenship or alien status, and true identity. An applicant for a replacement social security number card must submit convincing documentary evidence of identity and may also be required to submit convincing documentary evidence of age and U.S. citizenship or alien status. An applicant for an original or replacement social security number card is also required to submit evidence to assist us in determining the existence and identity of any previously assigned number(s). A social security number will not be assigned, or an original or replacement card issued, unless all the evidence requirements are met.

20 C.F.R. § 422.107(a). In addition:

> An applicant for an original social security number or a replacement social security number card is required to submit convincing documentary evidence of identity. Documentary evidence of identity may consist of a driver's license, identity card, school record, medical record, marriage record, passport, Department of Homeland Security document, or other similar document serving to identify the individual. The document must contain sufficient information to identify the applicant, including the applicant's name and (1) the applicant's age, date of birth, or parents' names; and/or (2) a photograph or physical description of the individual.

20 C.F.R. § 422.107(c). The requirement that plaintiff obtain proper verification of his identity before a Social Security card may be issued does not deny plaintiff his right to use a name which reflects his nationality. It simply reflects legitimate governmental policies of reducing identity theft and ensuring fiscal responsibility. The verification requirement does not, to this Court's

3

knowledge, violate plaintiff's constitutional rights.  Nor is there any other logical construction of

plaintiff's complaint from which the Court can divine a viable claim against the defendant over

which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as

frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which

relief may be granted.  The complaint is hereby **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to

appeal *in forma pauperis*.  Plaintiff, a non-prisoner, remains free to apply to proceed *in forma*

*pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999),

overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: <u>April 11, 2007</u>                    <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel, Senior Judge
                                        United States District Court

4